IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Beken Corporation<br><br>Plaintiff,<br><br>v.<br><br>Hefei Gocom Information Technology Co., Ltd.<br><br>and<br><br>Auctus Technologies Co., Ltd.<br><br>Defendants | Civil Action No.  1:21-cv-00651<br><br>The Honorable _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Beken Corp. (博通集成电路（上海）股份有限公司) ("Plaintiff" or "Beken"), files this Complaint for Patent Infringement and Damages against Defendants Hefei Gocom Information Technology Co., Ltd. ("Gocom") and Auctus Technologies Co. Ltd. (力同科技股份有限公司)("Auctus")(together, the "Defendants") and would respectfully show the Court as follows:

**PARTIES**

1. Plaintiff Beken is a Chinese company with its principal place of business located in Shanghai, China.

2. Beken was founded in December 2004 by a technical team from Silicon Valley, California. After 17 years of research and development in the field of wireless communication integrated circuit chip, Beken now offers a complete wireless communication product platform, supporting a

1

wealth of wireless protocols and communication standards. The platform provides low-power and high-performance wireless radio frequency transceivers and wireless connections with integrated microprocessors.

3. Upon information and belief, Defendant Gocom is a corporation organized and existing under the laws of China, with a principal place of business located at 1682 Xiyou Road National High Tech Ind Dvpt Zo Hefei, 230088 China where it may be served with process.

4. Upon informationacquired and belief, Defendant Auctus is a corporation organized and existing under the laws of China, with a principal place of business located at 17F, Building3, China Science and Technology Development Park, No.009, Gaoxin Road, Nanshan Dist., Shenzhen, Guangdong, China where it may be served with process.

## JURISDICTION AND VENUE

5. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

6. Gocom is in the business of selling, *inter alia*, walkie talkies in the United States.

7. Auctus is in the business of selling, *inter alia*, chipsets for walkie talkies in the United States.

8. Each of Gocom and Auctus have solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein.

9. Each of Gocom and Auctus have made, used, sold, offered for sale, and/or imported smart devices and/or has placed such smart devices into the stream of commerce, which have been offered for sale, sold, and/or used in the State of Texas and this District.

10. Each of Gocom and Auctus have made, used, sold, offered for sale, and/or imported smart devices that are alleged herein to infringe the patent set forth herein, and/or has placed such devices into the stream of commerce, which devices have been made, offered for sale, sold, and/or used in the State of Texas and within this District.

11. Each of Gocom and Auctus make, use, sell, and/or offer to sell products in this District that are accused of infringement in this Complaint.

12. Each of Gocom and Auctus are subject to personal jurisdiction in Texas and in this judicial district because, *inter alia*, (1) Gocom and Auctus have purposefully directed activities toward the United States, Texas, and this District; (2) Plaintiff's claim arises out of and/or is related to Gocom's and Auctus's activities with the United States; and (3) the exercise of personal jurisdiction in this case is reasonable and fair.

13. Upon information and belief, each of Gocom and Auctus are companies organized and existing under the laws of the People's Republic of China, with a principal place of business at in China. Defendants each engage in business in the State of Texas but, upon information and belief, neither Gocom nor Auctus maintain a regular place of business in the State or a designated agent for service of process.  Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, each of the Defendants have designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State.  The Secretary of State may forward service to Defendant Gocom at its home office address located at Gocom and to Defendant Auctus at its home office address located at 17F, Building3, China Science and

Technology Development Park, No.009, Gaoxin Road, Nanshan Dist., Shenzhen, Guangdong, China,

14. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

15. Plaintifff's causes of action arise, at least in part, from Gocom's and Auctus's contacts with and activities in this District and the State of Texas.

16. Each of the Defendants have committed acts of infringing the patent-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products covered by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

17. This Court has personal jurisdiction over Defendant pursuant to, *inter alia*, TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. Personal jurisdiction also exists because, on information and belief, Defendant has sold its products to

customers within Texas and this District by listing its products at Amazon through the Amazon.com website (Amazon has a regular and established place of business in Austin, Texas[1]).

18. Defendants are each subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

19. The amount in controversy exceeds $75,000 exclusive of interests and costs.

20. Venue is proper in this Court under, *inter alia*, 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) based on information set forth in ¶¶3-20, which are herein repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District.

21. Venue is proper as to each of Gocom and Auctus, each of which are organized under the laws of China because 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants" and each of Gocom and Auctus are nonresidents for the purposes of §1391.

22. Gocom and Auctus are each subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Gocom's and Auctus' substantial business in this forum, including: (i) at least a portion of the infringements

---

[1] See, e.g., https://www.amazon.jobs/en/locations/austin.

alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## THE PATENT-IN-SUIT

23. On November 24, 2015, United States Patent No. 9,197,228 (the "'228 Patent" or Patent-in-Suit), entitled "Circuit and method for adjusting oscillating frequency of an oscillator" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Ronghui Kong and Dawei Guo, who conveyed to Beken Corporation all rights, title, and interest in and to the invention of the '228 Patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '228 Patent claims patent-eligible subject matter and is valid and enforceable. Plaitniff is the exclusive owner by assignment of all rights, title, and interest in the '228 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '228 Patent. Neither Gocom nor Auctus is licensed to the '228 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '228 Patent whatsoever. A true and correct copy of the '228 Patent is attached hereto as **Exhibit A**.

24. The claims of the Patent-in-Suit describe inventive features and combinations relating to oscillators and adjusting the frequency of same that improved upon prior art systems and methods.

25. The Patent-in-Suit improves upon oscillators in communication systems that existed at the time of the invention.

26. Plaintiff is the owner of the entire right, title, and interest in and to the '228 Patent, which is presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

27. Defendant Gocom manufactures, uses, tests, markets, offers for sale, sells and/or imports into the United States walkie talkies. Defendant Auctus manufactures, uses, tests, markets, offers for sale, sells and/or imports into the United States chipsets for walkie talkies. Hereafter, the term "Accused Instrumentalities," "Accused Products," or "Accused Devices" refers to all products manufactured, used, tested, sold, offered for sale, or imported into the United States by Defendants practicing the Patent-in-Suit and all processes employed by Defendant that practice the Patent-in-Suit, consisting of at least the following products: the Auctus AT 1846S chip as well as the Gocom G2 FRS Walkie Talkie, Gocom G200 Walkie Talkie, and Gocom Walkie Talkies for Kids, each of which incorporates Auctus's AT 1846S chip.

## COUNT I
## PATENT INFRINGEMENT OF THE '228 PATENT

28. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

29. Each of the Defendants has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim of the '228 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

30. Each of the Defendants also indirectly infringes the '228 Patent by actively inducing direct infringement by third parties under 35 U.S.C. § 271(b). Defendants each have knowingly (since at least the filing of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '228 Patent (such as its customers in this District and throughout the United States). Gocom and Auctus continue to induce infringement

7

of the '228 Patent. Each of Gocom and Auctus have contributorily infringed and each is a contributory infringer because, with knowledge of the '228 Patent (since at least the filing of this Complaint), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Each of Gocom and Auctus contribute to its customers' infringement because, with knowledge of the '228 Patent, Each of Gocom and Auctus supply the technology that allows its customers to infringe the patent. Further, each of Gocom and Auctus exerts direction or control over its partners, suppliers, and/or customers.

31. Each of the Defendants sells, or offers to sell, a component of a patented combination or material, and more specifically, components used for or in systems that use the claimed oscillator functionality. The infringing functionality in the Accused Products constitutes a material part of the inventions claimed in the '228 Patent. The combination of hardware and software used to provide functionality in the Infringing Products is especially made or adapted to infringe the '228 Patent. Moreover, the combination of hardware and software used in the Accused Products are specially designed such that the infringing functionality has no non-infringing use, and therefore are not staple articles or commodities of commerce suitable for non-infringing use.

32. Each of Gocom and Auctus have knowledge that its activities concerning the Accused Products infringe one or more claims of the '228 Patent. On information and belief, each of Gocom and Auctus will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '228 Patent) and each of Gocom and Auctus has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '228 Patent. Further, upon information and belief, each of Gocom and Auctus provides information and technical support to its customers,

including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use the Accused Products (which are acts of direct infringement of the '228 Patent). Alternatively, on information and belief, each of Gocom and Auctus knows and/or will or should know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '228 Patent but took deliberate actions to avoid learning of these facts.

33. On information and belief, each of Gocom's and Auctus's infringement of the '228 Patent has been willful and merits enhanced damages.

34. On information and belief, each of Gocom and Auctus has known that its activities concerning the Accused Products infringed one or more claims of the '228 Patent since at least the filing of this Complaint.

35. On information and belief, each of Gocom and Auctus has made no attempt to design around the claims of the '228 Patent.

36. On information and belief, each of Gocom and Auctus did not have a reasonable basis for believing that the claims of the '228 Patent were invalid.

37. On information and belief, the Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

38. Plaintiff has been damaged as the result of each of Gocom's and Auctus's willful infringement. Upon information and belief, each of Gocom and Auctus will continue to infringe one or more claims of the '228 Patent unless and until they are enjoined by this Court.

39. Each of Gocom and Auctus has caused and will continue to cause Plaintiff irreparable injury and damage by infringing one or more claims of the '228 Patent. Plaintiff will

suffer further irreparable injury, for which it has no adequate remedy at law, unless and until each of Gocom and Auctus is enjoined from infringing the claims of the '228 Patent.

40. The Defendants jointly infringe the '228 Patent to the extent that the acts necessary to give rise to liability for direct infringement are shared between Defendants and a third party but can be legally attributed to Defendants. Defendants condition participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance.

41. Specifically, Defendants provide third-parties, including customers and/or end users, with Infringing Products. Defendants direct and control its customers to use oscillator functionality in an infringing manner by providing user manuals containing instructions about how to engage infringing functionality in the Infringing Products. When an Infringing Product is engaged to use oscillator functionality in the manner designed and established by Defendants, the performance of the infringing functionality occurs. Defendants dictates when and how infringement occurs by virtue of providing software and hardware in the Infringing Products that dictate when and how the performance of the infringing functionality occurs.

42. The claim chart attached hereto as **Exhibit B** describes how the elements of exemplary claim 9 from the '228 Patent are infringed by the Accused Products. This provides details regarding only one example of each of Gocom's and Auctus's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Beken respectfully requests the following relief:

A. A judgment that each of Gocom and Auctus has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the '228 Patent;

B. A judgment that each of Gocom and Auctus has induced infringement and continues to induce infringement of the '228 Patent;

C. A judgment that each of Gocom and Auctus has contributorily infringed and continues to contributorily infringe the '228 Patent;

D. A judgment and order requiring each of Gocom and Auctus to pay Plaintiff damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F. A judgment and order requiring each of Gocom and Auctus to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G. A judgment and order awarding a compulsory ongoing royalty;

H. A judgment and order awarding Plaintiff costs associated with bringing this action;

I. A judgment granting a preliminary and permanent injunction that restrains and enjoins each of Gocom and Auctus, and their respective officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the '228 Patent; and

J. Such other and further relief as the Court deems just and equitable.

## **JURY TRIAL DEMANDED**

Pursuant to FED. R. CIV. P. 38, Plaintiff Beken hereby demands a trial by jury on all issues so triable.

Dated: June 23, 2021

Respectfully submitted,

By: /s/ Erick S. Robinson
Erick S. Robinson
Texas State Bar No. 24039142
erobinson@porterhedges.com
Porter Hedges PLLC
1000 Main Street, 36th Floor
Houston, Texas 77002
TEL: (713) 226-6615
FAX: (713) 226-6215

*Attorneys for Plaintiff*
*Beken Corporation*

13